UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

STARR, GERN, DAVISON & RUBIN, P.C.
Richard T. Welch, Esq.
105 Eisenhower Parkway, Suite 401
Roseland, NJ 07068
(973) 403-9200
(973) 226-0031 (fax)
*Attorneys for Plaintiffs*

| | |
|---|---|
| **TRUSTEES of the LOCAL 1964 I.L.A. HEALTH & INSURANCE FUND,** | |
| **Plaintiff,** | **Civil Action No.** |
| v. | |
| **T.I. LOGISTICS, LLC** | **COMPLAINT** |
| **Defendant.** | |

Plaintiff, by and through undersigned counsel, states as follows:

## JURISDICATION AND VENUE

1. This action is brought pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. The jurisdiction of this Court is invoked pursuant to Section 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145 respectively, and Section 301 of the LMRA, 29 U.S.C. §185, and the common law of ERISA.

3. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plan is administered, and the breach took place, in the District of New Jersey.

## PARTIES

4. Plaintiff LOCAL 164 I.L.A. HEALTH & INSURANCE FUND ("the Fund") is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and is an employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing healthcare benefits to eligible participants. The Fund is also a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §1002(37) and §1145.

5. The Fund qualifies to commence this action and is further authorized to sue in its own name, pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. The TRUSTEES are fiduciaries of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A) with respect to the collection of contributions due to the Fund.

7. The Fund maintains its principal place of business at 11 Teaneck Road, Ridgefield Park, New Jersey, 07660.

8. The Fund brings this action on behalf of their Trustees, committee members, participants, and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and section 301 of the LMRA, 29 U.S.C. §185.

9. Defendant, T.I. LOGISTICS, LLC, ("Defendant") is an employer and/or a party in interest as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14)

respectively, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

10. Upon information and belief, Defendant's principal place of business is located at 9 South Hackensack Avenue, Kearny, New Jersey, 07032.

11. Upon information and belief, Defendant conducts or has conducted business in the State of New Jersey.

## COUNT ONE

12. The Fund incorporates the allegations in Paragraph 1 through 11 of this Complaint as if set forth herein in their entirety.

13. At all times relevant hereto, Defendant was a party to a collective bargaining agreement between itself and Local 1964, International Longshoreman's Association (the "CBA").

14. Pursuant to the terms of the CBA, Defendant agreed that the Fund would provide health benefits to Defendant's employees who were eligible under the CBA, and that it would abide by the terms of the Agreement and Declarations of Trust ("Trust Agreement") which governs the Fund. The Trust Agreement sets forth the rules and regulations with respect to participation in, and administration of, the Fund.

15. By virtue of the CBA and Trust Agreement, in accordance with federal law and administrative regulations, Defendant agreed:

    a. To remit benefit contributions to the Fund on behalf of eligible employees of Defendant;

    b. To remit benefit contributions to the Fund in a timely manner;

      c.      To submit monthly remittance reports to the Fund detailing all employees who worked in a given period of time and the amount of contributions to be remitted on behalf of said employee;

      d.      To produce upon request by the Fund, all books and records deemed necessary to conduct an audit of Defendant's records concerning its obligations to the Fund and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreements; and

      e.      To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Fund to collect any amounts due as a consequence of Defendant's failure to comply with its contractual and statutory obligations.

16.      Despite Defendant's clear and unequivocal obligations under the terms of the CBA and the Trust Agreement, Defendant has failed to remit the total amount of employee benefit contributions that are due to the Fund on behalf of eligible employees for the period of time including, but not limited to, October 1, 2019 through September 1, 2020.

17.      Payment of the delinquent contributions and penalties assessed against Defendant has been demanded by the Fund on numerous occasions, but Defendant has refused to submit the required payments.

18.      Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

19.      Defendant's failure to remit timely fringe benefit contributions has resulted in a violation of 29 US.C. §1145.

20.      This action is brought by the fiduciaries of the Fund pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to

or exceeding twenty percent (20%), reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Fund respectfully requests as relief that the Court:

    a.    Order Defendant to pay all contributions due and owing to the Fund;

    b.    Order Defendant to pay interests on the delinquent contributions as provided by 29 U.S.C. §1132(g);

    c.    Order Defendant to pay liquidated damages in the amount of twenty percent (20%) as provided by 29 U.S.C. §1132(g);

    d.    Order Defendant to specifically perform all obligations to the Fund under the CBA;

    e.    Order Defendant to pay the Fund' reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

    f.    Order any such other and further relief as this Court may deem equitable, just, and appropriate.

Respectfully submitted,

STARR, GERN, DAVISON & RUBIN, PC

By:   */s/ Richard T. Welch*
       Richard T. Welch, Esq.
       105 Eisenhower Parkway, Suite 401
       Roseland, NJ 07068
       (973) 403-9200
       (973) 226-0031 (fax)
       rwelch@starrgern.com
       *Attorneys for Plaintiff*

Dated: September 18, 2020